UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEMEKO D. MEEKS; STEPHEN F. MEEKS, JR., | No. 2:13-cv-1261 KJM DAD PS |
| Plaintiffs, | ORDER |
| v. | |
| WELLS FARGO BANK, | |
| Defendant. | |

      ced Plaintiffs Temeko Meeks and Stephen Meeks are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

      On October 1, 2013, the undersigned issued an order finding that plaintiffs' application to proceed in forma pauperis failed to show why plaintiffs were unable to pay the filing fees necessary to commence this action and ordering plaintiffs to submit the appropriate filing fee within twenty-one days. (Dkt. No. 3.) The twenty-one day period expired and plaintiffs failed to respond to the court's order in any manner.

      Accordingly, on November 22, 2013, the undersigned issued an order to show cause as to why this action should not be dismissed for lack of prosecution. (Dkt. No. 4.) On December 3, 2013 and December 5, 2013, plaintiffs filed responses stating that after they filed

1

their application for leave to proceed in forma pauperis on June 24, 2013, plaintiff Temeko Meeks was in a car accident on July 30, 2013, that resulted in a worsening of their financial situation. (Dkt. Nos. 5 & 6.)  These letters, however, did not address why plaintiffs failed to file a timely response to the court's October 2, 2013 order.

Nonetheless, in response to plaintiffs' December 3 & 5, 2013 letters, on December 12, 2013, the undersigned ordered plaintiffs to file updated applications for leave to proceed in forma pauperis reflecting their current financial status within twenty-one days. (Dkt. No. 7.) That twenty-one day period expired weeks ago and plaintiffs have again failed to respond to an order of this court.

In light of plaintiffs' repeated failures to timely respond to orders of this court and failure to either pay the filing fee or submit current applications to proceed in forma pauperis it appears that they do not wish to prosecute this action.

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

1    Here, plaintiffs have submitted a single application to proceed in forma pauperis
2    which fails to establish that plaintiffs are unable to pay the filing fee. When ordered to pay the
3    filing fee, plaintiffs failed to timely respond to the court's order. In the interest of justice and in
4    light of the plaintiffs' pro se status the court issued an order to show cause to which the plaintiffs
5    responded claiming a changed financial condition. Accordingly, the court ordered plaintiffs to
6    file updated applications to proceed in forma pauperis. Plaintiffs, however, once again failed to
7    respond to the court's order.

8    Plaintiffs' lack of prosecution of this case renders the imposition of monetary
9    sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's
10   need to manage its docket, and the risk of prejudice to the defendants all support the imposition of
11   the sanction of dismissal. Only the public policy favoring disposition on the merits counsels
12   against dismissal. However, plaintiffs' failure to prosecute the action in any way makes
13   disposition on the merits an impossibility. The undersigned will therefore recommend that this
14   action be dismissed due to plaintiffs' failure to prosecute as well as their failure to comply with
15   the court's orders. See FED. R. CIV. P. 41(b).

16   Accordingly, IT IS HEREBY RECOMMENDED that plaintiffs' June 24, 2013
17   complaint (Dkt. No. 1) be dismissed without prejudice.

18   These findings and recommendations will be submitted to the United States
19   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within
20   fourteen (14) days after being served with these findings and recommendations, plaintiffs may
21   file written objections with the court. A document containing objections should be titled
22   "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that
23   failure to file objections within the specified time may, under certain circumstances, waive the
24   right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
25   Dated: January 24, 2014

27   DAD:6
28   Ddad1\orders.pro se\meeks1261.dlop.f&rs.docx

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE